UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH TERRELL SWINK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:17-CV-791 PLC |
|  | ) |  |
| JOSEPH MAYBERRY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the "Motion to Exclude Testimony and Opinions of Plaintiff's Expert Geoffrey Alpert" (ECF No. 43) filed by Defendants Sgt. Joseph Mayberry, Det. Blake Carrigan, Chief Aaron Jimenez, and the City of St. Ann.[1] For the following reasons, Defendants' motion is granted in part and denied in part.

On January 3, 2017, Plaintiff filed a petition in the Circuit Court of the City of St. Louis pursuant to 42 U.S.C. §§ 1983 and 1988 asserting claims of unreasonable stop, unreasonable arrest, and excessive force against Mayberry and Carrigan in their individual capacities. (ECF No. 5). Plaintiff alleged that he was driving on the interstate when a police pursuit of a fleeing suspect caused him to crash his vehicle into the median. Mayberry and Carrigan, who were assisting in the pursuit, mistook Plaintiff for the fleeing suspect. According to the petition, Mayberry pointed his gun at Plaintiff and ordered him to the ground and either Mayberry or Carrigan pushed his face into the asphalt, punched him in the back, and placed him in handcuffs.

Mayberry and Carrigan removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1). Plaintiff subsequently filed a first amended complaint adding as

---
[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 28).

Defendants the City of St. Ann ("City") and Jimenez.[2] (ECF No. 18). Plaintiff also added a claim against Jimenez in his individual capacity for "failure to follow his own policies" and a municipal and supervisory liability claim against Jimenez in his individual capacity and City. (Id.).

Defendants move to exclude the testimony and opinions of Plaintiff's expert Geoffrey Alpert pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). (ECF No. 43). Plaintiff opposes the motion. (ECF No. 49). The Court heard oral arguments. (ECF No. 52).

### I. *Plaintiff's Expert*

Plaintiff retained Geoffrey Alpert as an expert in police pursuit practices. According to his report, Alpert holds a Ph.D. in sociology and is a professor of criminology and criminal justice at the University of South Carolina. Alpert conducted research on police and law enforcement agencies for more than twenty-five years and has "written more than 150 publications on criminal justice, many of which deal with police policies, customs and practices." Alpert is a member of the International Association Chiefs of Police Research Advisory Council and the South Carolina Law Enforcement Training Advisory Council.

Alpert based his opinion on his review of the Bridgeton Police Department report, St. Louis County Police Department Investigative report, City's pursuit policy, Plaintiff's petition and first amended complaint, and witness depositions. In his report, Alpert opined that: "[Plaintiff] was mistaken for a suspect and because the officers engaged inappropriately in a pursuit without knowing the details of the car, person or reason." Alpert stated that "[a] reasonable officer would not participate in a pursuit without knowing the reason for the pursuit and a description of the vehicle being pursued," and Mayberry's and Carrigan's use of force on

---
[2] Plaintiff's first amended complaint misspelled Jimenez's name. (ECF No. 18). Plaintiff filed a motion to amend the first amended complaint by interlineation to correct the error, and the Court granted the motion (ECF Nos. 22 & 25).

2

Plaintiff was unreasonable. Alpert also opined that Jimenez's "de facto policy" to pursue any subject who flees a traffic stop, "lax oversight" of pursuits, and failure to discipline violations of the pursuit policy, "created a culture where officers did what they wanted without serious fear of discipline." Alpert concluded that the "lack of proper police procedures and failure to identify the proper suspect and vehicle was a proximate cause of the unreasonable use of force." Alpert's deposition testimony was consistent with his written report.

  *II.*  *Discussion*

  Defendants move to exclude Alpert's testimony and opinions on the grounds that they do not meet the relevance and reliability requirements set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), and the Federal Rules of Evidence. (ECF No. 43). More specifically, Defendants argue that Alpert's testimony would not be helpful to the jury, invades the province of the jury and the Court, and amounts to legal conclusions. (ECF No. 44). Plaintiff acknowledges that Alpert's opinions "go to *reasonableness* of the actions of each of Detectives Mayberry and Carrigan, and Chief Jimenez, as to their actual conduct in the case and its reporting (or lack thereof) afterward," but asserts that "[e]xpert opinion embracing an ultimate issue is permissible under Fed. R. Evid. 704(a)." (ECF No. 49 at 3) (emphasis in original).

  Federal Rule of Evidence 702 permits a qualified expert to provide opinion testimony if the expert's specialized knowledge would allow the jury to better understand the evidence or decide a fact in issue. Lee v. Andersen, 616 F.3d 803, 808 (8th Cir. 2010). In determining whether an expert opinion is admissible, the district court acts as a "gate-keeper" to ensure that all expert testimony or evidence admitted at trial is relevant, reliable and "will assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 589. This

gate-keeping function applies to "'technical' and other 'specialized'" expert testimony, in addition to the testimony of scientific experts. Kumho Tire, 526 U.S. at 147. "Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court[.]" Anderson v. Raymond Corp., 340 F.3d 520, 523 (8th Cir. 2003).

Although Federal Rule of Evidence 704 states that "an opinion is not objectionable just because it embraces an ultimate issue," the opinion "must be helpful to the trier of fact" and cannot "merely tell the jury what result to reach[.]" Federal Rule of Evidence 704, Advisory Committee Notes. "[C]ourts must guard against 'invad[ing] the province of the jury on a question which the jury was entirely capable of answering without the benefit of . . . expert opinion." Robertson v. Norton Co., 148 F.3d 905, 908 (8th Cir. 1998) (quoting Walton v. Sherwin-Williams Co., 191 F.2d 277, 285 (8th Cir. 1951)). See Cavataio v. City of Bella Villa, 570 F.3d 1015, 1022 (8th Cir. 2009) (district court did not abuse its discretion in excluding expert testimony of police lieutenant offered to "assist[] the trier of fact in understanding the totality of the circumstances" in a Section 1983 action alleging the police chief violated the plaintiff's substantive due process rights by touching her breast).

While expert testimony on police policies and practices is generally admissible in a Section 1983 case, expert testimony on matters of law is not. S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003) (expert testimony on "industry practice or standards may often be relevant . . . and expert or fact testimony on what these are is often admissible."). See also Alberternst v. Hunt, No. 4:10-CV-642-JAR, 2011 WL 6140888, at *6 (E.D.Mo. 2011). Additionally, "[l]egal conclusions do not qualify as expert opinions," and a "determination that a defendant's conduct constitutes a constitutional violation is a legal conclusion." Jones v. Slay, No. 4:12-CV-2109-CAS, 2014 WL 2804407, at *11 (E.D.

Mo. June 20, 2014) (quotation and citations omitted). See also Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (district court abused its discretion in allowing police-practices expert to testify that officers' conduct comported with Fourth Amendment). Importantly, whether a police officer's conduct was "reasonable" or "excessive" under the Fourth Amendment are questions of law. See Brossart v. Janke, 859 F.3d 616, 624 (8th Cir. 2017); Sloan v. Long, No. 4:16-CV-86-JMB, 2018 WL 1243664, at *3 (E.D. Mo. Mar. 9, 2018).

Plaintiff acknowledges that Alpert's opinions "address the three central issues for the jury[.]" (ECF No. 49 at 7). More specifically, Plaintiff states that Alpert's opinions relate to: "(1) the reasonableness of Defendants' mistaken identity of [Plaintiff] for the suspect, (2) the unreasonably excessive force by the detectives, and (3) the liability of the City and . . . Jimenez based on failure to discipline, failure to obtain a report, and knowing ratification of the pursuit by Chief Jimenez[.]" (Id.). Each of these issues presents a question of law reserved for resolution by the court rather than the trier of fact. See, e.g., Johnson v. Ball, No. 4:13-CV-586-TIA, 2015 WL 1061564, at *2 (E.D. Mo. Mar. 11, 2015). See also Estes v. Moore, 993 F.2d 161, 163 (8th Cir. 1993) ("While the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law"); Engle v. Townsley, 49 F.3d 1321, 1323 (8th Cir. 1995) (qualified immunity is a legal determination reserved for resolution by the court).

The Court declines to permit Alpert, either through his report, deposition, or testimony at trial, to offer legal conclusions that touch upon the ultimate legal issues in this case, that is, whether Defendants' actions were reasonable under the totality of the circumstances and in light of Fourth Amendment standards. See Alberternst, 2011 WL 6140888, at *6. See Schmidt v. City of Bella Villa, 557 F.3d 564, 570-71 (8th Cir. 2009) (district court did not err in excluding expert witness testimony relating to the reasonableness of police evidence-collection and strip-

search procedures, but should not have excluded testimony regarding the existence of policy manuals); Sloan, 2018 WL 1243664, at *3 (permitting expert to testify to national standards for police conduct, the use of force-continuum, and deployment of a Taser, but prohibiting testimony regarding the witness credibility and reasonableness of the defendant's conduct); Jones, 2014 WL 2804407, at *10 (expert could "not opine that any of the defendants' conduct violated a constitutional right or norm," but she could testify to "prevailing standards in the field of law enforcement for supervision, training, investigation, and discipline of officers.").

The Court therefore grants Defendants' motion to exclude Alpert's opinion testimony as it relates to: the reasonableness of the police officers' conduct during the pursuit and encounter with Plaintiff; whether City and Jimenez failed to train, supervise, investigate, and/or discipline; and Defendants' alleged "deliberate indifference" to Plaintiff. Nor may Alpert testify as to "what happened" in the case or that Plaintiff's version of facts is true. Finally, the Court will exclude Alpert's opinions relating to Jimenez's "creat[ion of] a culture for his officers to pursue regardless of the circumstances," "d[o] what they wanted without serious fear of discipline," and "not [be] held responsible for their actions."

To the extent that Plaintiff proffers Alpert's testimony to "help the jury" understand "police practices" and "[w]hat helps and what hurts in seeking to apprehend a fleeing suspect," such testimony is admissible. (ECF No. 49 at 3-4). See Sloan, 2018 WL 1243664, at *3 ("[A] police procedure expert's testimony may be proper on issues other than the 'reasonableness' of an officer's conduct under Fourth Amendment standards."). Alpert may therefore testify about prevailing standards and policies in the field of law enforcement with respect to vehicular pursuits and use of force.

*III.	Conclusion*

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motion to exclude the testimony and opinions of Plaintiff's expert, Geoffrey Alpert. Alpert may testify to national standard for police conduct. Because Alpert's report and deposition are inextricably linked with topics upon which he may not opine, his report and deposition may not be admitted at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to exclude testimony and opinions of Plaintiff's expert (ECF No. 43) is **GRANTED** in part and **DENIED** in part as set forth above. Alpert will be permitted to testify at trial in a manner consistent with this memorandum and order.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of June, 2018